Matter of McGuinness v Waters (2022 NY Slip Op 05599)

Matter of McGuinness v Waters

2022 NY Slip Op 05599

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 804968/22E Appeal No. 16357 Case No. 2022-02287 

[*1]In the Matter of Timothy McGuinness, Petitioner-Appellant,
v
Dr. Jennifer K. Waters et al., Respondents-Respondents.

Brill Legal Group, P.C., Hempstead (David Gray of counsel), for petitioner.
Letitia James, Attorney General, New York (Elizabeth A. Brody of counsel), for respondents.

Determination of respondent SUNY Maritime College, dated January 19, 2022, which, after a hearing, found that petitioner had engaged in behavior violating the school's code of conduct and imposed the penalty of expulsion, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, Bronx County [Alison Y. Tuit, J.], entered May 20, 2022), dismissed, without costs.
Substantial evidence supports respondents' finding that petitioner violated SUNY Maritime's Student Code of Conduct by, among other things, assaulting a fellow student and using racial epithets while appearing to be intoxicated (CPLR 7803[4]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Although petitioner testified at the hearing, respondents were entitled to credit the testimony by the complaining witness and a corroborating statement provided by his roommate, who witnessed the incident, and that credibility determination is afforded great weight (see CafÉ La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007]). Contrary to petitioner's contentions, respondents were not required to seek out additional student accounts or photographs, or to consider petitioner's previous conflicts with the complaining witness; based on the evidence presented at the hearing, respondents' determination must be sustained even if "a similar quantum of evidence is available to support a different conclusion" (Matter of Milano v New York City Taxi & Limousine Commn., 305 AD2d 326, 327 [1st Dept 2003], lv denied 5 NY3d 707 [2005]).
Petitioner has failed to preserve for review his argument that respondents' violated his due process rights by failing to provide him with facts supporting the charges sustained against him, as he did not raise the issue in his administrative appeal (see Matter of Neelman v State Univ. at Buffalo, 192 AD3d 1621, 1623 [4th Dept 2021]). In any event, petitioner had sufficient notice of the basis for the decision, as he was given the witnesses' statements along with the charge notice and heard the evidence presented at the hearing (see Matter of Ferraro v State Univ. of N.Y. at Purchase Coll., 162 AD3d 766, 767 [2d Dept 2018]).
The sanction of expulsion is not so disproportionate to the offense as to shock the conscience (see Storino v New York Univ., 193 AD3d 436, 436 [1st Dept 2021]). SUNY Maritime's Student Code of Conduct expressly warns its students that "[a]ny act of harassment, violence of any kind, vandalism, harassment, hate/bias crimes which may be the result of alcohol may result in suspension/expulsion." In light of the severity of
petitioner's misconduct, respondents did not abuse their discretion in imposing the penalty of expulsion (see Bondalapati v Columbia Univ., 170 AD3d 489, 490 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022