Matter of Mozdziak v State Univ. of N.Y. Mar. Coll. (2022 NY Slip Op 06759)

Matter of Mozdziak v State Univ. of N.Y. Mar. Coll.

2022 NY Slip Op 06759

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 804143/22E Appeal No. 16553 Case No. 2022-02612 

[*1]In the Matter of Stefan Mozdziak, Petitioner-Appellant,
v
State University of New York Maritime College, Respondent-Respondent.

McLaughlin & Stern, LLP, New York (Alan E. Sash of counsel), for appellant.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.

Determination of respondent State University of New York Maritime College, dated December 3, 2021, which affirmed the disciplinary hearing board's expulsion of petitioner upon findings that he engaged in misconduct, unanimously annulled, on the law and the facts, without costs, and the petition in this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, Bronx County [Elizabeth Taylor, J.], entered June 15, 2022), granted, the penalty of expulsion vacated, and respondent is directed to expunge from petitioner's academic record all references to the charges brought against him and reinstate petitioner as a student at respondent in good standing.
The evidence presented at the hearing constituted substantial evidence to support the determination (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). Two students made an unsworn joint written statement alleging that they both saw petitioner engaging in the charged misconduct, i.e., carving a racial epithet into a dormitory elevator door with a knife on August 29, 2021. Notwithstanding that the two students who wrote that statement did not testify at the hearing, this two sentence statement could be credited over actual alibi witness testimony and numerous alibi witness statements confirming petitioner was elsewhere when the claimed misconduct occurred (see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]).
However, respondent's denial of petitioner's administrative appeal was arbitrary and capricious, in the absence of any rational basis for rejecting petitioner's argument that new evidence established his innocence of all the charges against him. Under respondent's Code of Conduct, the three limited grounds for an administrative appeal include a request "[t]o consider new evidence, sufficient to alter a finding or other relevant facts not brought out at the original hearing, because such evidence and/or facts were not known to the person appealing at the time of the original hearing."
After the November 10, 2021 hearing, respondent's University Police Department (UPD) disclosed to petitioner a copy of a September 22, 2021 email from a student, which that student sent to the UPD within minutes after respondent's President emailed the college community as a whole requesting any information about the incident. The UPD's Narrative Report acknowledged its receipt of this email. Moreover, it is undisputed that the email was not disclosed to petitioner or the disciplinary hearing board prior to the November 10, 2021 hearing. The email stated that the student saw the epithet on the elevator on the first day he moved into the dormitory, which was more than a week earlier than the general student body moved in due to his involvement with respondent's football team. After speaking with that student, petitioner confirmed that the student moved in on August 23, 2021, six days before the date on [*2]which the other two complaining students claimed to have seen petitioner committing the alleged misconduct.
Respondent appears to have egregiously and intentionally withheld and suppressed this exculpatory evidence until after the hearing and expulsion determination, despite the fact that it had been in respondent's UPD's possession since September 22, 2021. Further, respondent's Assistant Dean of Students falsely denied its existence prior to and/or at the hearing.
Article III of Section 4 of respondent's Code of Conduct enumerates the due process rights of students charged with violations. In addition to the right to a fair hearing, a charged student "has the right to copies of written reports pertinent to the case . . ." Respondent's failure to turn over exculpatory evidence in its possession prior to the hearing violated its own policies and procedures, thereby violating petitioner's due process rights (cf. Matter of McGuinness v Waters, AD3d , 2022 NY Slip Op 05599 [1st Dept 2022] [while the petitioner did not preserve his argument that the respondent violated his due process rights for appeal, he nonetheless was afforded due process where "he was given the witnesses' statements along with the charge notice and heard the evidence presented at the hearing" (emphasis added)]). Now, in hindsight, it cannot be said that petitioner received a fair hearing where evidence tending to prove his innocence was withheld.
Accordingly, after our independent review of the record as a whole, we now find that this exculpatory evidence, the extensive alibi evidence as well as other objective evidence of petitioner's innocence render the charges unsupportable as a matter of law thus warranting vacatur of the expulsion penalty, expungement of all references to the underlying charges contained in petitioner's academic record and his reinstatement as a student in good standing (see Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook, 170 AD3d 1182, 1183 [2d Dept 2019], citing Matter of Hill v State Univ. of New York at Buffalo, 163 AD3d 1454, 1455 [4th Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022