Matter of Haug v State Univ. of N.Y. at Potsdam (2018 NY Slip Op 06964)

Matter of Haug v State Univ. of N.Y. at Potsdam

2018 NY Slip Op 06964 [32 NY3d 1044]

October 18, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 12, 2018

[*1]

In the Matter of Benjamin Haug, Respondent,
v
State University of New York at Potsdam et al., Appellants.

Argued September 13, 2018; decided October 18, 2018

Matter of Haug v State Univ. of N.Y. at Potsdam, 149 AD3d 1200, reversed.

APPEARANCES OF COUNSEL

Barbara D. Underwood, Attorney General, Albany (Brian D. Ginsberg, Andrea Oser and Victor Paladino of counsel), for appellants.
Carlisle Law Firm, P.C., Ogdensburg (Lloyd G. Grandy II of counsel), for respondent.

{**32 NY3d at 1045} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division for consideration of the issues raised but not determined on the appeal to that Court.
This CPLR article 78 proceeding was transferred to the Appellate Division to address, inter alia, petitioner's challenge to respondents' determination that he violated their code of student conduct (CPLR 7803 [4]; 7804 [g]). The Court concluded that respondents' determination was not supported by substantial evidence. We disagree.
Upon judicial review, the Appellate Division must accord deference to the findings of the administrative decision-maker. As we said in Matter of Pell, "neither the Appellate Division nor the Court of Appeals has power to upset the determination of an administrative tribunal on a question of fact; . . . the courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is substantial evidence" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230 [1974] [internal quotation marks and citation omitted]).
We emphasize that "[t]he substantial evidence standard is a minimal standard" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188 [1998]). It is " 'less than a preponderance of the evidence' " (Matter of Kelly v DiNapoli, [*2]30{**32 NY3d at 1046} NY3d 674, 684 [2018], quoting Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011]), and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Ridge Rd., 16 NY3d at 499 [internal quotation marks and citations omitted]). Stated differently, "[r]ationality is what is reviewed under . . . the substantial evidence rule" (Matter of Pell, 34 NY2d at 231); substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently (see Matter of Toys "R" Us v Silva, 89 NY2d 411, 423 [1996]; Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6 [1979]).
"[O]ften there is substantial evidence on both sides of an issue disputed before an administrative agency" (Matter of Marine Holdings, LLC v New York City Commn. on Human Rights, 31 NY3d 1045, 1047 [2018] [internal quotation marks and citation omitted]). Where substantial evidence exists to support a decision being reviewed by the courts, the determination must be sustained, "irrespective of whether a similar quantum of evidence is available to support other varying conclusions" (Matter of Collins v Codd, 38 NY2d 269, 270 [1976]; 300 Gramatan Ave., 45 NY2d at 180-181). Moreover, hearsay is admissible as competent evidence in an administrative proceeding, and if sufficiently relevant and probative may constitute substantial evidence even if contradicted by live testimony on credibility grounds (see Matter of Gray v Adduci, 73 NY2d 741, 742 [1988]; Matter of National Basketball Assn. v New York State Div. of Human Rights, 68 NY2d 644, 646 [1986]; People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]; Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189, 193 [1976]).
Contrary to petitioner's argument, the hearsay evidence proffered at the administrative hearing, along with petitioner's testimony, provides substantial evidence in support of the finding that he violated respondents' code of conduct. The hearing board also could have reasonably interpreted some of petitioner's conceded behavior as consciousness of guilt and concluded that his version of the events was not credible. Ultimately, it was the province of the hearing board to resolve any conflicts in the evidence and make credibility determinations. The Appellate{**32 NY3d at 1047} Division improperly engaged in a re-weighing of the evidence when it substituted its own factual findings for those of respondents (see Pell, 34 NY2d at 230).
Finally, we agree with the Appellate Division that petitioner's due process arguments were not preserved at the administrative level.

Fahey, J. (dissenting). I respectfully dissent. I would grant the petition for reasons stated in the majority opinion of the Appellate Division (see Matter of Haug v State Univ. of N.Y. at Potsdam, 149 AD3d 1200, 1201-1202 [3d Dept 2017]) and therefore I vote to affirm.
Chief Judge DiFiore and Judges Rivera, Stein, Garcia, Wilson and Feinman concur; Judge Fahey dissents and votes to affirm in an opinion.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, for consideration of issues raised but not determined on the appeal to that Court, in a memorandum.