Matter of Haug v State Univ. of N.Y. At Potsdam (2018 NY Slip Op 08208)





Matter of Haug v State Univ. of N.Y. At Potsdam


2018 NY Slip Op 08208


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

522632

[*1]In the Matter of BENJAMIN HAUG, Petitioner,
v
STATE UNIVERSITY OF NEW YORK AT POTSDAM et al., Respondents.

Calendar Date: January 13, 2017

Before: Lynch, J.P., Devine, Clark and Aarons, JJ.; Mulvey, J., 

 vouched in.

Carlisle Law Firm, PC, Ogdensburg (Lloyd G. Grandy II of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Devine, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent State University of New York at Potsdam finding petitioner guilty of sexual misconduct in violation of said respondent's code of conduct.
Petitioner, a student at respondent State University of New York at Potsdam (hereinafter SUNY) during the relevant period, commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of committing sexual misconduct in violation of SUNY's code of student rights, responsibilities and conduct (hereinafter the student code of conduct) and expelling him. The full facts may be found in our prior decision setting aside the challenged determination on substantial evidence grounds (149 AD3d 1200 [2017]), a decision that was reversed by the Court of Appeals and remitted to this Court to address "issues raised [by petitioner] but not determined" when the matter was previously before us ( NY3d , , 2018 NY Slip Op 06964, *1 [2018]).
Turning to those arguments, the Court of Appeals agreed with us "that petitioner's due process arguments were not preserved at the administrative level" (id. at *1). To the extent that petitioner's procedural claims go beyond those arguments, they are also unpreserved due to him either failing to raise them at the administrative hearing when they could have been corrected or failing to raise them altogether (see Matter of Agudio v State Univ. of N.Y., 164 AD3d 986, 991 [2018]; Matter of Hamilton v Bezio, 76 AD3d 1125, 1126 [2010]). We accordingly focus upon the penalty of expulsion recommended by SUNY's Appellate Board and imposed by respondent Kristen Esterberg, SUNY's president.
Petitioner may not have been aware of the fact when he took an administrative appeal from a decision of the Hearing Board that suspended him for a semester, but the Appellate Board was empowered by article IX (C) of the student code of conduct to "alter the sanctions imposed" and punish him with "any of the [available] sanctions," including more severe ones. Article IX misstates the student code of conduct sections dealing with the jurisdiction of the Appellate Board and the permissible sanctions, but a review of the pertinent provisions leaves no doubt that those misstatements were drafting errors that may be disregarded (see Matter of Branford House v Michetti, 81 NY2d 681, 686 [1993]). The Appellate Board chose one of the available remedies by recommending expulsion and, while no explanation was offered as to why it did so, the student code of conduct did not require one. Esterberg adopted the recommendation. We have considered the challenge to the severity of that penalty and found it to lack merit. The determination is therefore confirmed.
Lynch, J.P., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.