Matter of Perez v New York State Justice Ctr. for The Protection of People With Special Needs (2019 NY Slip Op 01689)





Matter of Perez v New York State Justice Ctr. for The Protection of People With Special Needs


2019 NY Slip Op 01689


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

525807

[*1]In the Matter of JOSE PEREZ, Petitioner,
v
NEW YORK STATE JUSTICE CENTER FOR THE PROTECTION OF PEOPLE WITH SPECIAL NEEDS et al., Respondents.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Mann Law Firm, PC, Latham (Stephan R. Weiss of counsel), for petitioner.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Rumsey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Justice Center for the Protection of People with Special Needs denying petitioner's request to amend and seal a report of abuse.
Petitioner was licensed by respondent Office of Alcoholism and Substance Abuse Services (hereinafter OASAS) as an alcoholism and substance abuse counselor and worked at Hope House (hereinafter the facility), a residential addiction treatment facility for adolescents. In 2014, respondent Justice Center for the Protection of People with Special Needs received a report alleging that petitioner had sexually abused a service recipient while on duty. Following receipt of this report, the Justice Center investigated the incident and, in May 2016, issued a substantiated finding of a category two incident of neglect and a category one incident of sexual abuse. Petitioner requested that the Justice Center report be amended to unsubstantiated and that it be sealed. After the original substantiated finding was sustained by the Justice Center's Administrative Appeals Unit, the case was referred for a hearing before an Administrative Law Judge (hereinafter ALJ).
Following two hearings, the ALJ issued a recommended decision finding that the Justice Center had established by a preponderance of the evidence that petitioner committed sexual abuse and neglect. A final determination and order was issued adopting the ALJ's recommended decision denying petitioner's request to amend and seal the report and directing that petitioner be permanently placed on the Vulnerable Person's Central Register staff exclusion list. Based on this determination, OASAS revoked petitioner's license. In September 2016, petitioner commenced this CPLR article 78 proceeding to challenge the determination. As a [*2]question of substantial evidence was raised, the proceeding was transferred to this Court (see CPLR 7804 [g]).
Petitioner contends that the final determination was not supported by substantial evidence in the record because it was based upon controverted hearsay evidence. Recently, the Court of Appeals reviewed the principles governing judicial review of administrative determinations under the substantial evidence standard. As relevant here, the Court of Appeals emphasized "that the substantial evidence standard is a minimal standard[,] . . . demand[ing] only that a given inference is reasonable and plausible, not necessarily the most probable. . . . [Thus,] [w]here substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [2018] [internal quotation marks, brackets and citations omitted]). "Moreover, hearsay is admissible as competent evidence in an administrative proceeding, and if sufficiently relevant and probative may constitute substantial evidence even if contradicted by live testimony on credibility grounds" (id. at 1046 [citations omitted]; see Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1025, 1027 [2017]).
At the hearing before the ALJ, the Justice Center relied solely upon hearsay testimony to establish the allegations of sexual abuse and neglect by petitioner. In this regard, Lashawn Hemingway, then-assistant manager at the facility, testified that the service recipient came to her office on January 30, 2014 to report that petitioner had engaged in inappropriate physical contact with her the day before. Hemingway testified that the service recipient was upset and completed three unsworn handwritten statements in which she stated that she was alone with petitioner in his office when he "leaned over [her] chair" as if to kiss her, and that, as they exited his office together, petitioner "grab[b]ed [her] butt." The service recipient further reported that after they left his office, they entered an elevator where petitioner pulled on her shirt, "st[u]ck his hand down the front of [her] sweatpants and rubbed his finger against her 'you no [sic] what' . . . [and] took it out and licked his finger" and expressed a desire to perform oral sex on her as a birthday present to himself. Petitioner testified and denied making any of the offensive statements or touching the service recipient. He also noted that the service recipient had executed an affidavit recanting her initial allegations.
The hearsay allegations made by the service recipient were sufficiently reliable because they were corroborated by independent evidence. Her description of her movement through the building with petitioner was consistent with video recordings from the facility's security cameras showing that they spent approximately six minutes together in petitioner's office before taking the elevator from the second floor to the first floor. The video recordings also show that petitioner placed the fingers of his right hand just under his nose as if to smell them shortly after he exited the elevator, which is consistent with the specific allegations that he had inappropriately touched her and requested sex for his birthday. Further, there is no evidence in the record to suggest that the service recipient was aware when she made the statement that petitioner's birthday was on February 2 — only four days after the incident.
The ALJ also considered evidence regarding the credibility of the service recipient and petitioner. In this regard, petitioner argued that the service recipient had fabricated her allegations to avoid immediate discharge from the facility based on her previous misconduct. He also submitted an affidavit that she had executed, recanting her initial allegations. The ALJ disregarded the affidavit because it had been provided to petitioner's counsel following an interview during which counsel was accompanied by an investigator and the service recipient was alone and unrepresented and, further, because the service recipient subsequently reconfirmed the truth of her initial allegations in an interview with Justice Center investigators. The record also contained evidence relevant to petitioner's credibility, namely, his admission that he had violated the facility's code of conduct by maintaining ongoing relationships with former clients after their discharge. Inasmuch as we " will not weigh conflicting testimony or second guess the credibility determinations of the administrative factfinder" (Matter of Stephen FF. v Johnson, 23 AD3d 977, 978 [2005]), we find that the Justice Center's determination was supported by [*3]substantial evidence. Petitioner's remaining arguments have been rendered academic or have been considered and found to lack merit.
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.