Matter of Dieng v Torres-Springer (2020 NY Slip Op 00481)





Matter of Dieng v Torres-Springer


2020 NY Slip Op 00481


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10832 100964/17

[*1] In re Marie Dieng, Petitioner,
v
Marie Torres-Springer, etc., et al., Respondents.


Janet E. Sabel, The Legal Aid Society, Kew Gardens (Katie Redmon of counsel), for petitioner.
Georgina M. Pestana, Acting Corporation Counsel, New York (Eva L. Jerome of counsel), for respondents.



Determination of respondent New York City Department of Housing Preservation and Development dated March 20, 2017, finding that petitioner caused or permitted a nuisance in her apartment that caused a threat to the safety of others, and issuing a certificate of eviction against petitioner and petitioner's daughter, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered December 7, 2017), dismissed, without costs.
Respondent's determination that petitioner caused or permitted a nuisance in her apartment is supported by substantial evidence (see Matter of Haug v State Univ. of N.Y. at Pottsdam, 32 NY3d 1044, 1045-1046 [2018]). Respondent reasonably credited the fire marshal's reports which concluded, following investigations or examinations, that the two fires in petitioner's apartment were caused by unsupervised lit candles (id.; Matter of Rosa v New York City Hous. Auth., Straus Houses, 160 AD3d 499, 500 [1st Dept 2018]). Respondent also reasonably concluded that the testimony of petitioner and her daughter, that they never lit candles and did not know what caused the fires, was not credible (see generally Matter of Riel v State of N.Y. Off. of Children & Family Servs., 175 AD3d 1166, 1167 [1st Dept 2019]). Petitioner's argument that the fire marshal's reports were inconsistent with separate amended incident reports is unpreserved, and we decline to review in the interest of justice. As an alternative holding, we find that it was in the province of the hearing officer to resolve such inconsistencies (Haug at 1046), and his determination is supported by the record. Although issuance of a certificate of eviction against petitioner and her daughter is a significant sanction, in light of the circumstances of this case, including the risk posed to the safety of other residents and petitioner's denial of any culpability, the sanction does not shock the conscience (see Matter of Featherstone v Franco, 95 NY2d 550, 554-555 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK