Matter of McElroy v New York State Off. of Children & Family Servs. (2021 NY Slip Op 01569)





Matter of McElroy v New York State Off. of Children & Family Servs.


2021 NY Slip Op 01569


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


58 TP 20-01153

[*1]IN THE MATTER OF RUTHIE MCELROY, PETITIONER,
v
NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, RESPONDENT. 






CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN G. JOHNSEN OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Monroe County [Debra A. Martin, A.J.], dated June 17, 2020) to review a determination of respondent. The determination denied petitioner's application for a license to operate a family day care program in her residence. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying her application for a license to operate a family day care facility. Contrary to petitioner's contention, the determination is supported by substantial evidence (see Matter of Helping Hands of WNY, Inc. v Carrion, 70 AD3d 1483, 1483 [4th Dept 2010]; see also Matter of Persaud v New York State Off. of Children & Family Servs., 114 AD3d 492, 493 [1st Dept 2014]; see generally Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]). In March 2017, respondent revoked petitioner's prior license to operate a group family day care in her home because of numerous dangerous violations of day care regulations, which petitioner failed to correct over a nine-month period and which she frequently attempted to conceal by, inter alia, denying inspectors access to the facility. That revocation was upheld on administrative appeal. In June 2019, more than two years following the revocation of petitioner's license (see 18 NYCRR 413.3 [j] [1]), petitioner applied to respondent for another family day care license at a new location, and respondent denied the application. The denial was upheld on administrative appeal.
Given the nature, severity, and duration of the past violations, respondent investigated whether petitioner had undergone any additional professional training through the Child Care Council in order to improve her "character and habits" (18 NYCRR 417.15 [b] [4]), such that she would, in accordance with applicable regulations, grant respondent's inspectors free access to the premises (see 18 NYCRR 416.15 [b] [10] [i]), and provide "safe and suitable care to children which is supportive of [their] physical, intellectual, emotional and social well-being" (18 NYCRR 417.13 [a] [3]). Based on the severity of the prior violations and petitioner's failure to complete any additional professional training, it was rational for respondent to deny petitioner's application (see generally Haug, 32 NY3d at 1046).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court