Matter of Doe v Purchase Coll. State Univ. of N.Y. (2021 NY Slip Op 01974)





Matter of Doe v Purchase Coll. State Univ. of N.Y.


2021 NY Slip Op 01974


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-03590
 (Index No. 51492/18)

[*1]In the Matter of John Doe, petitioner,
v
Purchase College State University of New York, respondent.


Warshaw Burstein, LLP, New York, NY (Kimberly C. Lau and John E. Greene of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Scott A. Eisman of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Campus Appeals Board of the State University of New York, Purchase College, dated August 10, 2017. The determination affirmed so much of a determination of the Administrative Hearing Board of the State University of New York, Purchase College, dated July 31, 2017, made after a hearing, as found that the petitioner violated code C.8 of the State University of New York, Purchase College, Student Code of Conduct, and, inter alia, suspended the petitioner from the school until August 1, 2018.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, the determination of the Campus Appeals Board of the State University of New York, Purchase College, dated August 10, 2017, is annulled, the penalties imposed are vacated, the charge that the petitioner violated code C.8 of the State University of New York, Purchase College, Student Code of Conduct is dismissed, and the respondent is directed to expunge all references to the finding from the petitioner's academic record.
In this CPLR article 78 proceeding to review a determination of the Campus Appeals Board (hereinafter Appeals Board) of the State University of New York, Purchase College (hereinafter the Purchase), against the petitioner, a student at Purchase, the following facts are undisputed. On Wednesday, April 19, 2017, the complainant, a fellow student at Purchase went to the petitioner's dormitory suite to watch a movie with other students. When the petitioner decided to leave for a different party, the complainant requested and was granted permission to stay in the suite with some other students. Upon the petitioner's return later that night, the complainant asked another student to leave the common area so that she and the petitioner could be alone. Subsequently, the complainant asked to stay the night. The complainant changed into a pair of the petitioner's pajamas and she and the petitioner got into the petitioner's bed. At that point, the petitioner's roommate, with whom the complainant was friendly, was asleep in his bed, five feet away in the same room. The petitioner and the complainant kissed and the complainant assisted the petitioner in removing the complainant's pants. The petitioner placed his fingers inside the complainant's vagina and the complainant requested that the petitioner use a condom. The encounter progressed to sexual intercourse.
According to the complainant, the following day, the petitioner attempted to communicate with her as if nothing was wrong. On Sunday, April 23, 2017, the complainant reported to the University Police that she had been sexually assaulted by the petitioner. The Title IX investigator took statements from the complainant, the petitioner, and witnesses, and the petitioner was charged, inter alia, with violating code C.8 of the Purchase Student Code of Conduct. Code C.8 prohibits engaging in "any sexual act toward any individual without consent," or "sexual intercourse with someone who is physically helpless, . . . unconscious, or otherwise incapacitated."
A hearing was held before the Administrative Hearing Board (hereinafter the Hearing Board), at which the complainant testified that, although she never told the petitioner to stop or otherwise verbally communicated her lack of consent, she was not capable of consenting to sexual activity due to intoxication or posttraumatic stress disorder. The complainant further testified that she did not consent with words or actions to sexual activity with the petitioner. The petitioner testified, to the contrary, that the complainant was of sound mind and consented to the sexual activity through her actions. Although testimony and statements were taken from other student witnesses, the Hearing Board found those to be irrelevant to establish whether sexual assault occurred.
After the hearing, the Hearing Board found "the complainant's statements to be conflicting and unreliable as it pertained to her inability to give consent." The Hearing Board concluded that "[t]here were considerable gaps in the complainant's memory," and indicated that it was "concerned that some of her statements after her initial report were tainted by reading the reports that were submitted by other witnesses and parties." Nevertheless, the Hearing Board found that although there was consent for lying together in bed, kissing, and the removal of the complainant's pants, the complainant had not consented to the remainder of the sexual activity.
Having found a violation of code C.8, the Board, inter alia, suspended the petitioner for approximately one year. The petitioner appealed the finding that he violated code C.8 to the Appeals Board. By determination dated August 10, 2017, the Appeals Board confirmed that finding of the Hearing Board. The petitioner thereafter commenced this proceeding to review the determination of the Appeals Board, which proceeding was transferred to this Court (see CPLR 7804[g]).
Initially, the petitioner's contention that Purchase failed to substantially comply with notice procedures set forth in the Student Code of Conduct is not properly before this Court, as that contention was not raised at the administrative level (see Matter of Peckham v Calogero, 12 NY3d 424, 430; Matter of J.B. v State Univ. of N.Y., 175 AD3d 493, 495).
In reviewing Purchase's disciplinary determination made after a hearing, this Court may not "review the facts generally as to weight of evidence" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045 [internal quotation marks omitted]). Rather, judicial review is limited to whether the administrative determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook, 170 AD3d 1182, 1183). Substantial evidence is a "minimal standard" which means "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1045, 1046 [internal quotation marks omitted]).
Here, the determination that the petitioner violated code C.8 was not supported by substantial evidence. Having rejected the complainant's testimony that she was incapable of giving consent, the Hearing Board was not left with adequate evidence to support the conclusion that while the complainant consented to spending the night in the petitioner's bed, kissing, and removing her pants, she did not consent to the remainder of the sexual activity. The Board indicated that its finding of nonconsensual conduct was based on the statements of the petitioner and the complainant "that clear, affirmative consent for these activities was not given." However, the petitioner, while freely admitting that he did not obtain verbal consent, clearly asserted that the complainant consented with her actions (see Education Law § 6441[1] ["Consent can be given by words or actions, as long as those words or actions create clear permission regarding willingness to engage in the sexual [*2]activity."]). There was no specific testimony or statements elicited that were adequate to support the conclusion that, although capable of consent, the complainant had not consented, with her actions, to all of the sexual activity in which the parties engaged. Rather, on this record, such a conclusion amounted to "surmise, conjecture, [or] speculation" (Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook, 170 AD3d at 1183 [internal quotation marks omitted]).
Notably, this matter is distinguishable from Matter of Haug v State Univ. of N.Y. at Potsdam (32 NY3d 1044). In that case, although the complainant had invited the petitioner to her room and consented to certain activity, substantial evidence supported the administrative determination that the complainant did not consent to sexual intercourse, among other things. It was the petitioner in Matter of Haug, not, as here, the complainant, who had trouble remembering the details of the night in question (see Matter of Haug v State Univ. of N.Y. at Potsdam, 149 AD3d 1200, 1206, revd 32 NY3d 1044 [Clark, J., dissenting opinion]). The petitioner in Matter of Haug admitted that he had been intoxicated and had to piece together memories of what had occurred (see id. at 1206 [Clark, J., dissenting opinion]). Furthermore, after a campus-wide alert about the sexual assault was put out, the petitioner in Matter of Haug had sent the complainant a text message, indicating that he was worried and asking whether she had reported him (see id. [Clark, J., dissenting opinion]). In concluding that substantial evidence supported the determination, the Court of Appeals observed that the hearing board "could have reasonably interpreted some of petitioner's conceded behavior as consciousness of guilt and concluded that his version of the events was not credible" (Matter of Haug v State Univ. of New York at Potsdam, 32 NY3d at 1046). In contrast, in the present case, there was no such consciousness of guilt evidence and no evidence was presented that the petitioner had trouble remembering or interpreting the events of the night at issue.
Since we conclude that the determination that the petitioner violated code C.8 was not supported by substantial evidence, we grant the petition, annul the determination, vacate the penalties imposed for that violation, dismiss the charge that the petitioner violated code C.8, and direct Purchase to expunge all references to that finding from the petitioner's academic record.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court