Matter of Pawel v Justice Ctr. for the Protection of People with Special Needs (2024 NY Slip Op 00029)

Matter of Pawel v Justice Ctr. for the Protection of People with Special Needs

2024 NY Slip Op 00029

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 157542/21 Appeal No. 1263 Case No. 2023-02408 

[*1]In the Matter of Michael Pawel et al., Petitioners,
v
Justice Center for the Protection of People with Special Needs, Respondent.

John W. McConnell, Remsenburg, and Harvey Fishbein, New York, for petitioners.
Letitia James, Attorney General, New York (Andrea W. Trento of counsel), for respondent.

Determination of respondent, dated May 18, 2021 which, after a hearing, denied petitioners' request to amend and seal a substantiated report of neglect, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eric Schumacher, J.], entered May 9, 2023) dismissed, without costs.
In August 2019, nonparty New York City Administration for Children's Services (ACS) requested an elevated risk conference with nonparty August Aichhorn Center for Adolescent Residential Care, Inc. with respect to a minor service recipient (SR) whom ACS had placed at Aichhorn. At the conference, the SR raised concerns about the conduct of certain of Aichhorn's staff members. After the conference, ACS reported Aichhorn's program director to respondent, stating, among other things, that she had refused to call 911 when under an obligation to do so. Soon afterward, petitioners jointly determined that the SR would be discharged from Aichhorn. Later that month, respondent received a report that petitioners had committed abuse or neglect by directing the SR's discharge. In a February 2020 report, respondent informed petitioners that its investigation had substantiated the charge that they had committed neglect by improperly discharging the SR to an inappropriate setting in response to the SR's report of a reportable incident.
The determination that petitioners committed neglect is supported by substantial evidence (CPLR 7803[4]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]), as the record establishes that petitioners engaged in actions that breached their duties as custodians and resulted in, or was likely to result in, "physical injury or serious or protracted impairment of the physical, mental or emotional condition of a service recipient" (Social Services Law § 488[1][h]). Indeed, petitioners admit that the discharge of the SR did not comport with the requirements in Aichhorn's own policy, which mirrors the statutory requirement that they "plan the discharge of the child" beforehand, preparing the plan "in collaboration with the person or entity having custody of the child" (Mental Hygiene Law § 9.53). The discharge summary, created several days after the SR was discharged, also failed to provide for housing; social, financial, and educational needs; adult supervision; and psychiatric and medical treatment, as required by Aichhorn's discharge policy.
Furthermore, based on statements given from the receiving facility to respondent's investigator, the evidence supports the finding that the SR was discharged to an inappropriate facility — a hospital emergency psychiatric unit that sought to return the SR to petitioners' facility after her discharge from the hospital — and that petitioners failed to adequately facilitate the SR's later placement. That there may be evidence in the record to the contrary does not provide a sufficient [*2]basis to overturn the agency's final determination, as "courts may not weigh the evidence or reject the conclusion of the administrative agency where the evidence is conflicting and room for choice exists" (Matter of CafÉ La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007]). Furthermore, evidence supports the finding that petitioners' breach of duty was likely to result in the serious or protracted impairment of the SR's mental or emotional condition, given her diagnoses and past impulsive and self-harming behavior (Social Services Law § 488[1][h]).
Despite petitioners' position otherwise, the evidence supplied a reasonable basis for respondent to conclude that the charge as stated in the substantiated report — namely, that petitioners discharged the SR as a direct result of her reports regarding staff behavior — was sufficiently supported (see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]; Matter of CafÉ La China Corp., 43 AD3d at 281).
Similarly, petitioners' right to due process was not violated. Respondent's report, as well as the investigator's statements while interviewing one of the petitioners, provided fair notice that the apparent retaliation against the SR underlay the neglect charge. Thus, petitioners were able to prepare and present an adequate defense and
have the opportunity to be heard (see Whitbread-Nolan, Inc. v Shaffer, 183 AD2d 610, 612 [1st Dept 1992]).
We have considered petitioners' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024