Matter of Joseph v New York City Dept. of Hous. Preserv. & Dev. (2025 NY Slip Op 02724)

Matter of Joseph v New York City Dept. of Hous. Preserv. & Dev.

2025 NY Slip Op 02724

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 158657/24|Appeal No. 4304|Case No. 2024-07903|

[*1]In the Matter of Martin Joseph et al., Petitioners,
v
New York City Department of Housing Preservation and Development, Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (Michael S. Bennett of counsel), for petitioners.
Muriel Goode-Trufant, Corporation Counsel, New York (Philip W. Young of counsel), for respondent.

Determination of respondent New York City Department of Housing Preservation and Development (HPD), dated July 26, 2024, which, after a hearing, denied petitioners' administrative petition for a certificate of no harassment (CONH), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arthur F. Engoron, J.], entered December 17, 2024) dismissed, without costs.
The challenged determination is supported by substantial evidence (CPLR 7803[4]; see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [2018]). "Courts may not weigh the evidence or reject" the conclusion of the administrative agency "where the evidence is conflicting and room for choice exists" (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987] [internal quotation marks omitted]).
The record shows that the tenant in apartment 1 vacated her unit at the end of the lease because petitioners' predecessor failed to provide heat and hot water for several months. Thus, it was not irrational for HPD to find that the predecessor's failure to maintain the building — which resulted in bricks from the chimney collapsing and the shutoff of heat and hot water due to safety reasons, where the boiler vented through the chimney — and the predecessor's failure to remedy either issue, were "omissions," i.e., "an interruption or discontinuance of an essential service for an extended duration," that "causes or is intended to cause" a tenant to vacate the unit (Administrative Code of City of NY § 27-2004[a][48][b]).
It was also not irrational to find that petitioners did not rebut the presumption of harassment as to other Class B and C Housing Code violations, where almost two dozen remained outstanding at the time of the hearing and others issued because of an immediate hazard of lead-based paint were not remedied between December 2018 and September 2019 (Administrative Code of City of NY § 27-2004[a][48]). HPD noted that the executor of the predecessor's estate provided no specifics regarding repairs made.
Nor was it irrational for HPD to find, regarding the allegation that the predecessor's estate failed to provide legally mandated disclosures to tenants prior to entering into a buyout agreement, that the affidavits petitioners submitted to prove the tenants had contacted the estate and desired to make the deal lacked probative value (Administrative Code of City of NY § 27-2004[a][48][f-2]; see Matter of Berenhaus, 70 NY2d at 444). HPD found that the affidavits contained nearly identical language and noted that the tenant affiants failed to state any reason for seeking to vacate.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025