Matter of Bibler v State Univ. of N.Y. at Albany (2025 NY Slip Op 03373)

Matter of Bibler v State Univ. of N.Y. at Albany

2025 NY Slip Op 03373

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CV-24-0824
[*1]In the Matter of Samuel Bibler, Petitioner,
v
State University of New York at Albany, Respondent.

Calendar Date:April 21, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ.

Luibrand Law Firm, PLLC, Latham (Kevin A. Luibrand of counsel), for petitioner.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Mackey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner in violation of respondent's code of conduct.
In August and September 2022, petitioner, a freshman, shared a bedroom in respondent's campus dormitories with a female student (hereinafter the reporting individual). Early that September, the reporting individual filed a complaint with respondent, alleging that petitioner had kissed and fondled her in her bed without her consent on three separate occasions. Petitioner was thereafter notified of the ensuing investigation into his alleged violations of respondent's Community Rights and Responsibilities and its Title IX Grievance Policy, specifically, the alleged sexual assault/fondling of the reporting individual. Following an administrative hearing before the Student Conduct Board (hereinafter the Board), the Board found petitioner in violation of its policies as alleged and determined that disciplinary suspension was appropriate. Petitioner's subsequent administrative appeal was denied. Petitioner thereafter commenced this CPLR article 78 proceeding, and the matter was transferred to this Court (see CPLR 7804 [g]).
Petitioner contends that he was denied due process because he was not afforded the opportunity to question the reporting individual, who did not testify at the hearing or otherwise submit to cross-examination. Under the circumstances presented here, we agree and conclude that annulment is required. "In general, there is a limited right to cross-examine an adverse witness in an administrative proceeding, and the right to cross-examine witnesses generally has not been considered an essential requirement of due process in school disciplinary proceedings" (Matter of Jacobson v Blaise, 157 AD3d 1072, 1076 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; see Matter of Alexander M. v Cleary, 205 AD3d 1073, 1078 [3d Dept 2022]). Nevertheless, "[i]t is well established that once having adopted rules or guidelines establishing the procedures to be followed in relation to suspension or expulsion of a student, colleges or universities — both public and private — must substantially comply with those rules and guidelines" (Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam, 105 AD3d 1117, 1118 [3d Dept 2013] [internal quotation marks and citations omitted]; accord Matter of Klockowski v State Univ. of N.Y. Coll. at Plattsburgh, 182 AD3d 725, 726 [3d Dept 2020]).
Respondent's Title IX grievance policy states, in relevant part, that it may "proceed with the live hearing in the absence of a party, and may reach a determination of responsibility in their absence, including through any evidence gathered that does not constitute a 'statement' by that party." However, "[i]f a party does not submit to cross-examination, the decision maker cannot rely on any prior statements made by that party in reaching [*2]a determination regarding responsibility, but may reach a determination regarding responsibility based on evidence that does not constitute a 'statement' by that party."[FN1] Here, the reporting individual did not attend the hearing and was not otherwise available for cross-examination.
Petitioner does not dispute that he repeatedly kissed and touched the reporting individual; however, he contends that all sexual interactions with her were consensual. The inquiry thus distilled to the issue of consent. In rendering its determination, the Board primarily relied upon the reporting individual's initial written complaint and her written statement to university police, both of which were unsworn and unsigned, that petitioner had kissed and fondled her, without her consent, in three separate incidents. Although the Board also noted the testimony of a witness to one of those incidents, who found it "odd" and did not hear petitioner ask for, or the reporting individual voice, her affirmative consent, that witness consistently described observing petitioner and the reporting individual kissing at length, briefly pausing upon being noticed, and then returning to kissing (see generally Matter of Jacobson v Blaise, 157 AD3d at 1074). To the extent that this witness further described later confronting petitioner about being "overly affectionate" "with everybody," and his apology acknowledging that he "did something wrong[,]" there was no indication that petitioner admitted to acting without consent in the incidents at issue here. When asked at the hearing if he would have any clarifying questions for the reporting individual if she were present, petitioner's advisor answered, "[t]he fact that she didn't testify, I would not have any questions. If she testified, I would." Because the reporting individual was absent from the hearing and not subject to cross-examination, and as the sole evidence relied upon by the Board regarding her alleged lack of consent were her written statements describing the incidents, respondent failed to substantially comply with its own procedures concerning the right to cross-examination in the context of Title IX administrative hearings, prejudicing petitioner, and, thus, the determination must be annulled (compare Matter of Doe v Skidmore Coll., 152 AD3d 932, 934, 940 [3d Dept 2017]). We further note that, because the Board could not rely upon the reporting individual's "prior statements," its determination of guilt is unsupported by substantial evidence (see Matter of Doe v Purchase Coll. State Univ. of N.Y., 192 AD3d 1100, 1102-1103 [3d Dept 2021]; compare Matter of Alexander M. v Cleary, 205 AD3d at 1077-1078).
We likewise agree with petitioner that the Board applied the incorrect standard of consent in rendering its determination. Education Law § 6441 defines "affirmative consent" as "a knowing, voluntary, and mutual decision among all participants to engage in sexual activity. Consent can be given by words or actions, as long as those [*3]words or actions create clear permission regarding willingness to engage in the sexual activity. Silence or lack of resistance, in and of itself, does not demonstrate consent" (Education Law § 6441 [1] [internal quotation marks omitted; emphasis added]). Here, the Board incorrectly held that only "verbal consent" could demonstrate the reporting individual's willingness to engage in sexual activity (see Matter of Jacobson v Blaise, 157 AD3d at 1079). In light of the above, we need not address petitioner's remaining arguments.
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and respondent is directed to reinstate petitioner as a student and expunge all references to this matter from his school record.

Footnotes

Footnote 1: To the extent that respondent asserts that the above-referenced policy language was no longer enforced at the time of the Title IX hearing, nothing in the record indicates that the policy was amended to this extent or that petitioner was made aware of any such change.