Matter of McLaughlins Manufactured Home Moving v Department of State Div. of Bldg. Stds. & Codes Off. of Admin. Hearing (2025 NY Slip Op 03608)

Matter of McLaughlins Manufactured Home Moving v Department of State Div. of Bldg. Stds. & Codes Off. of Admin. Hearing

2025 NY Slip Op 03608

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CV-22-2226
[*1]In the Matter of McLaughlins Manufactured Home Moving, By and Through Bettie McLaughlin, Petitioner,
v
Department of State Division of Building Standards and Codes Office of Administrative Hearing et al., Respondents.

Calendar Date:April 29, 2025

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Bettie McLaughlin, Locke, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for Department of State Division of Building Standards and Codes Office of Administrative Hearing, respondent.

Per Curiam.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Department of State finding petitioner liable for substantial defects in the installation of a manufactured home.
Bettie McLaughlin is a licensed retailer and installer of manufactured homes, operating through petitioner, her company. In December 2017, respondent Joseph Jones purchased a manufactured home from McLaughlin for $19,300 including delivery, with said price also to encompass the removal of an old home located elsewhere on Jones' property. At that time, the parties planned to come to a future agreement on additional costs for pouring a concrete foundation and installing the new home, which they did the following spring. During the spring and summer of 2018, McLaughlin poured the foundation, delivered the new home and began to install it, but ceased work that fall before installation was complete and before the old home had been removed.
After respondent Town of Spencer refused to issue a certificate of occupancy for the new home, Jones filed a complaint with respondent Department of State, Division of Building Standards and Codes, alleging substantial defects in the foundation, structure, plumbing, heating and electrical systems (see 19 NYCRR 1210.18). Following a hearing, an Administrative Law Judge found McLaughlin liable for several defects and for failing to remove the old home and ordered her to compensate Jones in the amount of $20,955, representing the cost of remedying these issues. Upon McLaughlin's administrative appeal, the Department upheld the decision, except to the extent that it ruled that McLaughlin was not liable for the cost of removal of the old home, thereby reducing Jones' award to $9,855. Petitioner then commenced this CPLR article 78 proceeding challenging the Department's determination, and the matter was transferred to this Court pursuant to CPLR 7804 (g).
An administrative determination made following a hearing will be upheld if it is supported by substantial evidence in the record (see CPLR 7803 [4]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045 [2018]; Matter of ExceedLLC, LLC v Department of State Div. of Licensing Services, 233 AD3d 1392, 1394 [3d Dept 2024]). As relevant here, a "homeowner . . . may file a complaint with the [Department of State] seeking resolution of an allegation that a substantial defect exists in the delivered condition, installation, service or construction of a manufactured home" (Executive Law § 605 [1]; see 19 NYCRR 1210.18 [a]). A "substantial defect" is "a defect or a number of defects or other conditions which collectively can reasonably be expected to cost [$500] or more to cure" (Executive Law § 605 [1]). If the hearing evidence supports the existence of a substantial defect, the Department may award compensation to the aggrieved party (see Executive Law § 605 [3] [b], [c]).
The evidence put forth [*2]at the hearing by Jones, including testimony from two witnesses who inspected the home, revealed that it was in violation of several building code provisions. Among other things, the foundation was too large and did not provide appropriate drainage; the "marriage line" joining the two halves of the home was not airtight or correctly supported and lacked proper fastenings; insulation was torn and bottom boards had holes in them; a necessary landing and staircase for egress was missing; pipes were broken; and the heating system was improperly installed. The cost of repairing these issues well exceeded the $500 threshold (see Executive Law § 605 [1]), and there was proof that these issues were McLaughlin's responsibility, either because McLaughlin had agreed to perform the tasks in question or because certain flaws were already present in the home when it was delivered. For her part, McLaughlin testified that many of these issues resulted from Jones' failure to pay her and that she would have resolved them if Jones had allowed her to return to the property to complete the work. She also claimed that she was not liable for the code violations because she did not attach a warranty seal to the home.
We find substantial evidence in the record to support the Department's determination (see generally Matter of South Point Auto Ctr., Inc. v New York State Dept. of Motor Vehs., 162 AD3d 1164, 1165-1166 [3d Dept 2018]; Matter of Cohn Chemung Props., Inc. v Town of Southport, 108 AD3d 928, 928-929 [3d Dept 2013]). As indicated above, a manufactured home installed by a certified installer must be free from substantial defects (see Executive Law § 605 [3] [f]; 19 NYCRR 1210.18 [g] [1]; [k] [1]). Notwithstanding McLaughlin's contention that she would have completed certain tasks if permitted by Jones, most of the issues in question were due not to incomplete work but, rather, to work that was defectively performed. Furthermore, McLaughlin's assertion that Jones refused to allow her onto the property to finish the work, and threatened her with arrest if she returned, was found not to be credible. As for the lack of a warranty seal, its absence did not absolve McLaughlin of liability, as the quality and safety guarantees signified by such a seal are "in addition to, and not in limitation of or substitution for, any and all other warranties, express or implied, given or made by the installer, whether contractually or by operation of law" (19 NYCRR 1210.16 [e]).
Finally, the compensation awarded to Jones was properly limited to the costs that he "would not have incurred had the manufactured home met applicable standards[,] and . . . [t]he cost of conforming repairs or replacements" (Executive Law § 605 [3] [c] [i], [ii]; see 19 NYCRR 1210.18 [g] [1] [i], [ii]). To the extent not specifically addressed herein, McLaughlin's remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., [*3]concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.