Matter of Hastings v New York State Dept. of Envtl. Conservation (2025 NY Slip Op 07006)

Matter of Hastings v New York State Dept. of Envtl. Conservation

2025 NY Slip Op 07006

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-02412
 (Index No. 2834/20)

[*1]In the Matter of Eric Hastings, petitioner,
vNew York State Department of Environmental Conservation, respondent.

Fabricant Lipman & Frishberg, PLLC, Goshen, NY (Neal D. Frishberg and Diana Goodwin of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Linda Fang, and Elizabeth Brody of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated May 11, 2020. The determination adopted the report and recommendation of an administrative law judge dated November 1, 2019, made after a hearing, finding that the petitioner violated, inter alia, Environmental Conservation Law article 15, and assessed a civil penalty in the sum of $20,000.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In April 2019, the New York State Department of Environmental Conservation (hereinafter the DEC) commenced an administrative enforcement proceeding against the petitioner, alleging that the petitioner violated, inter alia, the Environmental Conservation Law (ECL) article 15 by constructing a dock along Greenwood Lake without a permit and by placing fill below the mean high water level of the lake. Following a hearing, an administrative law judge (hereinafter the ALJ) issued a report dated November 1, 2019, finding that the petitioner violated ECL article 15 and related regulations and recommending a civil penalty in the sum of $20,000. In a determination dated May 11, 2020 (hereinafter the May 2020 determination), the Commissioner of the DEC adopted the ALJ's findings and imposed the recommended civil penalty. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the May 2020 determination. In an order dated March 16, 2021, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"In a proceeding pursuant to CPLR article 78, judicial review of factual findings made by an administrative agency following an evidentiary hearing is limited to consideration of whether the findings are supported by substantial evidence" (Matter of Sekul v City of Poughkeepsie, 195 AD3d 622, 624; see CPLR 7803[4]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 844, quoting 300 Gramatan Ave. [*2]Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). Substantial evidence is "less than a preponderance of the evidence" and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1045-1046 [internal quotation marks omitted]; see Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046; see Matter of Phelps v State of N.Y.—Unified Ct. Sys., 208 AD3d 880, 881).
ECL 15-0503(1)(b) and 6 NYCRR 608.4(b)(1) prohibit the construction of docks and similar structures in, on, or above navigable waters of the state without first receiving a permit from the DEC or a locality to which the DEC has delegated permit-issuing authority. Here, the evidence at the hearing established that the petitioner received a permit from the Village of Greenwood Lake to construct the subject dock, but did not receive a permit from the DEC. Contrary to the petitioner's contention, there was no evidence to support the inference that the DEC delegated permit-issuing authority to the locality. Further, during the hearing, the petitioner did not dispute that when constructing the dock, he deviated from the plans previously reviewed by the DEC. Therefore, substantial evidence supported the determination that the petitioner violated, among other things, ECL article 15 by constructing the dock without first obtaining a permit from the DEC (see ECL 15-0503[1][b]; 6 NYCRR 608.4[b][1]).
ECL 15-0505(1) and 6 NYCRR 608.5 provide that no person shall excavate or place fill below the mean high water level in any of the navigable waters of the state without a permit. Mean high water means "the approximate average . . . high water level for a given body of water at a given location, that distinguishes between predominantly aquatic and predominantly terrestrial habitat" (6 NYCRR 608.1[r]). Here, contrary to the petitioner's contention, given the insufficiency or unavailability of other data, the testimony at the hearing from a DEC biologist provided substantial evidence to support the finding that constructing the dock resulted in the placement of fill below the mean high water level of Greenwood Lake in violation, inter alia, of ECL article 15 (see ECL 15-0505[1]; 6 NYCRR 608.5).
The petitioner's remaining contentions are either not properly before this Court or without merit.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court