Matter of Rachmanov v Board of Stds. & Appeals of the City of New York (2026 NY Slip Op 00333)

Matter of Rachmanov v Board of Stds. & Appeals of the City of New York

2026 NY Slip Op 00333

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 160502/23|Appeal No. 5687|Case No. 2024-06601|

[*1]In the Matter of Beni Rachmanov, Petitioner,
vThe Board of Standards and Appeals of the City of New York et al., Respondents, Sholom Day Care, Inc., Respondent.

Law Firm of Edward Vitale P.C., Garden City (Edward Vitale of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Mackenzie Fillow of counsel), for municipal respondents.

Determination of respondent Board of Standards and Appeals (BSA) dated March 13, 2023, which, after a hearing upon remand from this Court, denied petitioner's applications to revoke a building permit and certificate of occupancy issued by respondent Department of Buildings to respondent neighboring property owner (Applicant), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Judy H. Kim, J.], entered July 5, 2024) dismissed, without costs.
The determination to deny petitioner's application is supported by substantial evidence in the record (CPLR 7803[4]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]; see also Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [2018]).
Petitioner challenges the BSA's interpretation of New York City Zoning Resolution § 33-293, which requires the Applicant to maintain an eight-foot wide "open area at curb level" on the side lot line of its commercially zoned lot abutting the rear of petitioner's residential lot. There is no dispute that the private drive running along that entire side of the Applicant's property, over which petitioner and other neighbors have an easement providing access to the rear of their lots, is more than eight feet wide. There is also no dispute that the level of the private drive slopes down from the street about three to four feet as it runs along the property line, and that the easement prevents the Applicant from raising the level of the drive. According to petitioner, the open area can never satisfy the Zoning Resolution because it is below curb level, and the BSA's interpretation to the contrary is irrational and did not involve its area expertise.
The record shows that the BSA considered ZR § 33-293 and similar provisions directly preceding it "together and with reference to each other," as well as the intent of the regulatory agency adopting the Zoning Resolution in 1961 by reference to the report issued in connection with it (see Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 280 [2020]; see ZR §§ 33-291, 33-292). The record also shows that the BSA evaluated the facts and drew inferences based on its expertise in the field, with board members explaining their rationale during the hearing as to the interpretation of this provision. Thus, the BSA rationally interpreted ZR § 33-293 as allowing an open area just below curb level to satisfy the open area requirement. To the extent ZR § 33-293 contains a stricter requirement regarding open land being at curb level, it only does so when compared to ZR § 33-22, which does not require a property owner to lower the yard if it is higher than the curb level due to its natural grade. Petitioner is correct that ZR § 33-293 does not contain a similar exception for an open area above curb level due to its natural grade; however, it was rational for the BSA to find that any stricter requirement necessitating a property owner to lower an open area to curb level to satisfy ZR § 33-293 does not apply here because the Applicant's property is not higher than curb level.
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026