■ ALCIDE SALCE et al., Respondents, v JACQUES H. CHECK, Appellant. [805 NYS2d 608]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (LaMarca, J.), dated December 1, 2004, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in his favor as against the weight of the evidence and for a new trial.

Ordered that the order is affirmed, with costs.

The defendant violated Vehicle and Traffic Law § 1141 when he entered an intersection, attempted a left turn, and, upon seeing the headlight of the injured plaintiff's motorcycle, stopped in the intersection with his truck partially blocking the oncoming traffic lane. This violation constituted negligence as a matter of law and could not be disregarded by the jury (see Klein v Byalik, 1 AD3d 399 [2003]; Batal v Associated Univs., 293 AD2d 558, 559 [2002]; Botero v Erraez, 289 AD2d 274, 275 [2001]; Dellavecchia v Zorros, 231 AD2d 549 [1996]). The injured plaintiff, as the driver with the right-of-way, was entitled to anticipate that the defendant would obey traffic laws which required him to yield (see Klein v Byalik, supra at 400; Batal v Associated Univs., supra).

On these facts, no fair interpretation of the evidence could have resulted in a verdict that the defendant was not negligent (see Rossani v Rana, 8 AD3d 548, 549 [2004]; Batal v Associated Univs., supra). Accordingly, the Supreme Court properly granted the plaintiffs' motion to set aside the jury verdict as against the weight of the evidence and for a new trial (see CPLR 4404 [a]; Batal v Associated Univs., supra).

The remaining contentions of the parties need not be reached in light of our determination. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.