■ Veenu Puri, Appellant, v Jessica Rae Solomon et al., Respondents. [998 NYS2d 200]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered April 24, 2013, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield (*see Bennett v Granata*, 118 AD3d 652, 653 [2014]; *Rodriguez v Klein*, 116 AD3d 939 [2014]; *Regans v Baratta*, 106 AD3d 893 [2013]). However, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection, including keeping a proper lookout and seeing that which can be seen through the proper use of his or her senses (*see Regans v Baratta*, 106 AD3d at 893; *see also Todd v Godek*, 71 AD3d 872, 872 [2010]).

Here, the plaintiff established her prima facie entitlement to judgment as matter of law on the issue of liability by submitting evidence that traffic traveling in her direction had the right-of-way and the defendants' vehicle proceeded into the intersection without yielding the right-of-way to the plaintiff, in violation of Vehicle and Traffic Law § 1142 (a). Thus, the plaintiff demonstrated, prima facie, that the defendant driver failed to properly observe and yield to cross traffic coming from the plaintiff's direction of travel before proceeding into the intersection, and that this negligence was the sole proximate cause of the accident (*see Bennett v Granata,* 118 AD3d at 653; *Williams v Hayes,* 103 AD3d 713 [2013]). In opposition, the defendants failed to raise a triable issue of fact with respect to the defendant driver's negligence and the plaintiff's alleged comparative fault. The defendants principally relied upon the defendant driver's affidavit to oppose the plaintiff's motion. The defendants' contention, based upon the averments in the defendant driver's affidavit, that the plaintiff may have been operating her vehicle at an excessive speed is based on speculation, inasmuch as the defendant driver admitted in her prior sworn written statement, which was submitted in support of the plaintiff's motion, that she never saw the plaintiff's vehicle before the collision and had no idea how fast it was going (*see Zuleta v Quijada,* 94 AD3d 876 [2012]; *Thompson v Schmitt,* 74 AD3d 789, 790 [2010]; *Stanford v Dushey,* 71 AD3d 988 [2010]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.