■ In the Matter of Howard Gerber, Petitioner, v New York State Department of Motor Vehicles et al., Respondents. [11 NYS3d 648]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated September 18, 2012, which affirmed the determination of an administrative law judge dated January 13, 2012, after a hearing, finding that the petitioner violated Vehicle and Traffic Law §§ 1141, 509 (1) and 511, and revoked his driver license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On November 3, 2010, the petitioner, while driving a Chrysler PT Cruiser, collided with a motorcyclist at the intersection of Route 202 and Martino Way (hereinafter the intersection) in Rockland County. The petitioner was turning left onto Martino Way from the eastbound side of Route 202 when the motorcycle, which was traveling westbound on Route

202, struck the rear passenger side of his vehicle. The motorcyclist (hereinafter the decedent) died as a result of the accident.

The New York State Department of Motor Vehicles held a hearing to investigate the accident. In a written determination made after the hearing, an administrative law judge (hereinafter the ALJ) found that the petitioner had violated Vehicle and Traffic Law §§ 1141, 509 (1) and 511, and revoked the petitioner's driver license. The New York State Department of Motor Vehicles Appeals Board (hereinafter the Appeals Board) affirmed the ALJ's determination.

The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 in the Supreme Court, Rockland County, to challenge the determination of the Appeals Board. In an order dated June 24, 2013, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g). The Supreme Court should have disposed of the petitioner's argument that the determination was affected by errors of law and was an abuse of discretion before transferring the proceeding to this Court to address the substantial evidence question the petitioner raised (*see* CPLR 7804 [g]; *Matter of Vaughn v Orlando*, 79 AD3d 1048, 1049 [2010]; *Matter of Tolliver v Fischer*, 68 AD3d 884, 885 [2009]). Nevertheless, since the full record is now before us, we will decide the entire proceeding on the merits in the interest of judicial economy (*see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772-773 [2005]).

Pursuant to CPLR 7803 (3), questions raised in a CPLR article 78 proceeding can include "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). Contrary to the petitioner's assertion, the ALJ did not abuse her discretion by denying his second adjournment request, which request was made the day before the scheduled hearing (*see* 15 NYCRR 127.7; *Matter of Rodriguez v State Bd. for Professional Med. Conduct*, 110 AD3d 1268 [2013]; *Matter of Capraro v DiNapoli*, 91 AD3d 1020, 1021 [2012]).

Contrary to the petitioner's contention, substantial evidence supported the ALJ's determination that he violated Vehicle and Traffic Law § 1141. That statute requires the driver of a vehicle intending to turn left within an intersection to yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard (*see* Vehicle and Traffic Law § 1141). With respect to this violation, the ALJ discredited the petitioner's

testimony that there was no visible oncoming traffic when he began his turn, and found that the occurrence of the accident itself demonstrated that the decedent was within the intersection or so close as to constitute an immediate hazard. This credibility determination should not be disturbed (*see generally Matter of Grimaldi v Gough*, 114 AD3d 679, 680 [2014]). The fact that the petitioner was unable to complete his turn without being struck by the decedent's motorcycle is itself evidence of the immediate hazard created by the decedent's motorcycle as it approached the intersection (*see Le Claire v Pratt*, 270 AD2d 612, 613 [2000]).

Furthermore, although the petitioner indicated in a MV-104 motor vehicle accident report that the decedent was traveling at an excessive rate of speed, he testified at the hearing that he did not see the decedent in the roadway prior to the accident. Thus, the petitioner's statement in the MV-104 accident report was based on speculation (*see Puri v Solomon*, 123 AD3d 685 [2014]; *Zuleta v Quijada*, 94 AD3d 876, 877 [2012]). In addition, the police report stated that the speed of the two vehicles was unknown. To the extent that the ALJ had "room for choice" in deciding whether to find that the decedent was speeding, her finding, based on the police report, that there was no evidence that the decedent was speeding, should be given deference (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987] [internal quotation marks omitted]; *see Matter of Elite Ready Mix Corp. v New York State Dept. of Motor Vehs.*, 92 AD3d 678, 678 [2012]). We further note that the supplemental police report upon which the petitioner relies was not before the ALJ, and the statement in that report that acute alcohol and marijuana intoxication contributed to the decedent's death has no bearing on the issue of whether the petitioner violated Vehicle and Traffic Law § 1141.

To the extent that the petitioner argues that the ALJ improperly found that his violations of Vehicle Traffic Law §§ 509 (1) and 511 caused and/or contributed to his accident, he is correct (*see Huff v Rodriguez*, 88 AD3d 1274, 1277 [2011]; *Dalal v City of New York*, 262 AD2d 596, 597-598 [1999]; *Hanley v Albano*, 20 AD2d 644 [1964]). However, such findings are of no moment, since the ALJ did not have to find that such violations caused or contributed to the accident to revoke his driver license (*see* Vehicle and Traffic Law § 510 [3] [a]).

Under the circumstances of this case, the penalty of revocation of the petitioner's driver license was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Cervoni v Commissioner of N.Y. State Dept.*

*of Motor Vehs.*, 96 AD3d 742 [2012]; *Matter of Gorman v New York State Dept. of Motor Vehs.*, 34 AD3d 1361 [2006]).

The petitioner's remaining contentions are without merit.

Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.