Matter of Nahum v New York State Dept. of Motor Vehs. (2020 NY Slip Op 03916)





Matter of Nahum v New York State Dept. of Motor Vehs.


2020 NY Slip Op 03916


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-04166
 (Index No. 9138/18)

[*1]In the Matter of David Alvarado Ramirez Nahum, petitioner, 
v
New York State Department of Motor Vehicles, et al., respondents.


Joel Schmidt, Kew Gardens, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Mark S. Grube of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated August 28, 2018, affirming a determination of an administrative law judge dated May 8, 2018, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.
ADJUDGED that the determination dated August 28, 2018, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner's driver license was revoked when it was determined by an Administrative Law Judge (hereinafter ALJ), after a hearing, that he refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, upon being arrested for violating Vehicle and Traffic Law § 1192. The New York State Department of Motor Vehicles Administrative Appeals Board affirmed the determination of the ALJ. The petitioner commenced this CPLR article 78 proceeding in the Supreme Court, Queens County, seeking to annul that determination. The proceeding was transferred to this Court pursuant to CPLR 7804(g) by order entered April 15, 2019, on the ground that it raises the issue of whether the determination, made after a hearing, is supported by substantial evidence.
Initially, we reject the petitioner's contention that the proceeding should not have been transferred to this Court based on his objections, as the issues raised by the petitioner are not "objections as could terminate the proceeding," within the meaning of CPLR 7804(g) (see Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d 740, 741; Matter of Bradley Corporate Park v Crotty, 39 AD3d 632, 633).
We also reject the petitioner's argument that purported defects in the written report of his refusal to submit to the chemical test deprived the New York State Department of Motor Vehicles of jurisdiction to conduct a hearing pursuant to Vehicle and Traffic Law § 1194(2)(c). The requirements set forth in Vehicle and Traffic Law § 1194(2)(b), as to the contents of a written report of refusal to submit to a chemical test, concern the temporary suspension of a driver license based [*2]on a motorist's refusal to submit to a chemical test, which happens automatically based upon the refusal, without a hearing. Those requirements do not implicate the jurisdiction of the New York State Department of Motor Vehicles to conduct a hearing pursuant to Vehicle and Traffic Law § 1194(2)(b) and (c), to revoke a motorist's driver license, based on the motorist's refusal to submit to a chemical test.
The record does not support the petitioner's contention that the ALJ acted as the respondents' advocate and deprived the petitioner of an impartial hearing (see Matter of Clark v New York State Dept. of Motor Vehs., 55 AD3d 1284). Finally, the ALJ's determination, which was based upon the testimony of the arresting police officer, the officer's written report of the petitioner's refusal to submit to the chemical test, and the adverse inference drawn based on the petitioner's failure to testify, was supported by substantial evidence (see Matter of Schoonmaker v New York State Dept. of Motor Vehs., 33 NY3d 926, 928; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d 668, 669).
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court