Matter of Khan v New York State Dept. of Motor Vehicles (2023 NY Slip Op 02003)

Matter of Khan v New York State Dept. of Motor Vehicles

2023 NY Slip Op 02003

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-04436
 (Index No. 5467/17)

[*1]In the Matter of Mohammad M. Khan, petitioner,
v
New York State Department of Motor Vehicles, respondent.

Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Robert G. Steinberg of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Amit R. Vora of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated September 25, 2017, affirming a determination of an administrative law judge dated April 27, 2017, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 600(1)(a) by leaving the scene of an incident without reporting and revoked his driver license.
ADJUDGED that the determination dated September 25, 2017, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (see Matter of Kelly v Safir, 96 NY2d 32, 38; Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d 880). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). It is "less than a preponderance of the evidence" and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [internal quotation marks omitted]; see Matter of Noonan v Chong, 186 AD3d 713, 714). "'The courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists'" (Matter of Berenhaus v Ward, 70 NY2d 436, 444, quoting Matter of Stork Rest. v Boland, 282 NY 256, 267; see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd., 83 AD3d 838, 839 ).
Here, the determination that the petitioner violated Vehicle and Traffic Law § 600(1)(a) by leaving the scene of an incident without reporting is supported by substantial evidence (see Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231-232). Hearsay evidence, such as the testimony of the police officer in this case who issued the simplified information/complaint to the petitioner, can be the basis of an administrative determination (see Matter of Gray v Adduci, 73 [*2]NY2d 741, 742; Matter of Andresen v State of N.Y. Dept. of Motor Vehs., 227 AD2d 617, 618; Matter of Butler v Nassau County Civ. Serv. Commn., 175 AD2d 159, 161).
The petitioner's remaining contentions are not properly before this Court, as they were not raised in the administrative hearing (see Matter of Gonzalez v State Liq. Auth., 30 NY2d 108, 112; Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d at 881-882).
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court