Matter of Roenbeck v New York State Dept. of Motor Vehs. (2023 NY Slip Op 06141)

Matter of Roenbeck v New York State Dept. of Motor Vehs.

2023 NY Slip Op 06141

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-00830
 (Index No. 611552/21)

[*1]In the Matter of Brett Roenbeck, petitioner,
v
New York State Department of Motor Vehicles, respondent.

Mayer & Baron, PLLC, Hauppauge, NY (Peter H. Mayer IV of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco of counsel; Jocelyn Wilson on the brief), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated March 30, 2021, affirming the determination of an Administrative Law Judge dated September 17, 2020, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver's license.
ADJUDGED that the determination dated March 30, 2021, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
"In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Khan v New York State Dept. of Motor Vehs., 215 AD3d 844, 844; see CPLR 7803[4]; Matter of Lau v NYC DOB, 209 AD3d 858, 859). "Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Khan v New York State Dept. of Motor Vehs., 215 AD3d at 844 [internal quotation marks omitted]). Substantial evidence is a "minimal standard" that requires "less than a preponderance of the evidence" and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [internal quotation marks omitted]; see Matter of Khan v New York State Dept. of Motor Vehs., 215 AD3d at 844). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046; see Matter of Kelly v Farmingdale State Coll., State Univ. of N.Y., 215 AD3d 748, 750), as "[i]t is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d 880, 881 [internal quotation marks omitted]; see Matter of Citizens for the Preserv. of Wainscott, Inc. v New York State Pub. Serv. Commn., 216 AD3d 769, 772).
Here, the determination of an Administrative Law Judge (hereinafter the ALJ) that the petitioner violated Vehicle and Traffic Law § 1194 by refusing to submit to a chemical test is [*2]supported by substantial evidence (see Matter of Crowder v Fiala, 175 AD3d 1408, 1409). The testimony of the arresting officer, the arresting officer's written report of the petitioner's refusal to submit to a chemical test, as well as the negative inference drawn from the petitioner's failure to testify demonstrated that the arresting officer had reasonable grounds to believe that the petitioner operated a vehicle in violation of Vehicle and Traffic Law § 1192, that the arresting officer made a lawful arrest of the petitioner, and that the petitioner refused the officer's request to submit to the chemical test after having been given sufficient warnings of the consequences of said refusal (see Matter of Crowder v Fiala, 175 AD3d at 1409). Moreover, hearsay evidence, such as the testimony of the arresting officer, can be the basis of an administrative determination (see Matter of Gray v Adduci, 73 NY2d 741, 742; Matter of Khan v New York State Dept. of Motor Vehs., 215 AD3d at 844-845; 15 NYCRR 127.6[b]).
Additionally, contrary to the petitioner's contention, the ALJ did not abuse her discretion by denying his untimely request for an adjournment made during the course of the scheduled hearing (see Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d 959, 960; 15 NYCRR 127.7; CPLR 7803[3]). Further, there is no merit to the petitioner's contention that any purported procedural errors made by the ALJ in conducting the hearing, including, inter alia, holding the hearing which took place during the COVID pandemic via WebEx teleconference, violated certain of his rights, nor has he demonstrated any prejudice that resulted therefrom, that "so permeate[d] the underlying hearing . . . to render it unfair" (Matter of Armbruster v Cassano, 149 AD3d 729, 730; see State Administrative Procedure Act § 306[1]).
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court