Matter of Roth v New York State Dept. of Motor Vehs. (2024 NY Slip Op 01548)

Matter of Roth v New York State Dept. of Motor Vehs.

2024 NY Slip Op 01548

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-08794
 (Index No. 56640/21)

[*1]In the Matter of Alan M. Roth, petitioner, 
v
New York State Department of Motor Vehicles, et al., respondents.

Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Danielle Muscatello and Donna Aldea of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Daniel S. Magy of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated March 30, 2021, affirming a determination of an administrative law judge dated February 11, 2020, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1128(a) and suspended his driver license for a period of 365 days.
ADJUDGED that the determination dated March 30, 2021, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In December 2019, the petitioner was issued a notice of hearing and advised that the purpose of the hearing was to investigate a fatal motor vehicle accident in which the petitioner was involved. Following a hearing, an administrative law judge (hereinafter the ALJ) determined that the petitioner violated Vehicle and Traffic Law § 1128(a) by failing to maintain the lane of travel, resulting in the death of his passenger, and suspended his driver license for a period of 365 days. The New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board) affirmed the ALJ's determination. Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the determination of the Appeals Board. The proceeding was transferred to this Court pursuant to CPLR 7804(g) by order of the Supreme Court dated June 15, 2021.
The determination that the petitioner violated Vehicle and Traffic Law § 1128(a) is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; Matter of Khan v New York State Dept. of Motor Vehs., 215 AD3d 844, 844). The evidence at the hearing demonstrated that the petitioner failed to maintain his lane of travel when he left the roadway and collided with a utility pole.
The petitioner's contention that the notice of hearing was insufficient is not properly before this Court as it was not raised at the administrative hearing (see Matter of Klapak v Blum, 65 NY2d 670, 672; Matter of Bilotto v New York State Dept. of Motor Vehs., 166 AD3d 610).
As the petitioner's driver license suspension period expired on May 8, 2022, the issue of whether the 365-day license suspension imposed was so disproportionate to the offense as to be shocking to one's sense of fairness has been rendered academic (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714).
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court