Barben v Cheikhaoui (2024 NY Slip Op 51320(U))

[*1]

Barben v Cheikhaoui

2024 NY Slip Op 51320(U)

Decided on September 25, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 25, 2024
Supreme Court, Kings County

Anthony Barben, Plaintiff,

against
Mohamed Cheikhaoui and MASTER TRANSIT, INC., Defendants.

Index No. 512400/2019

Law Office of Sean H. Rooney, Brooklyn (Sean H. Rooney of counsel), for plaintiff. 
Baker, McEvoy, Morrisey & Moskovitz P.C., Brooklyn (Michael A. Fritz of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 48-61.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determined as follows.[FN1]
Introduction
This is a motion by Plaintiff Anthony Barben ("Plaintiff") against Defendants Mohamed Cheikhaoui and Master Transit, Inc. ("Defendants") seeking an order pursuant to Rule 3212 of the Civil Practice Law and Rules (CPLR) granting Plaintiff summary judgment on the issue of liability and setting this matter for a trial on the issue of damages on the grounds that there are no [*2]triable issues of fact and that there is no defense to the cause of action asserted in the complaint. Additionally, Plaintiff also asks for such other and further relief as this Court may deem just and proper.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). Additionally, "It is well established that negligence cases do not generally lend themselves to resolution by summary judgment, since that remedy is appropriate only where the negligence or lack of negligence of the defendant is established as a matter of law" (Chahales v Garber, 195 AD2d 585, 586 [2d Dept 1993]).

 Background

This case arises from an incident in which a two-vehicle accident occurred on October 25, 2018, at approximately 6:00 PM, on Water Street at the intersection with Maiden Lane in New York County (see NYSCEF Doc No. 51 ¶ 1). The first vehicle was a 2003 Mazda operated by Plaintiff, and the second vehicle was owned and operated by Defendants; Defendant Mohamed Cheikhaoui drove it (see NYSCEF Doc No. 51 ¶ 2).
Just prior to the accident, Plaintiff's vehicle was at a complete stop for the traffic light on Water Street (see NYSCEF Doc No. 51 ¶ 3). When the light turned green, Plaintiff proceeded straight through the intersection at approximately five miles per hour (see id.). As Plaintiff's vehicle entered the intersection, Cheikhaoui attempted to make a left turn in front of Plaintiff's vehicle (see NYSCEF Doc No. 51 ¶ 4). The front of Defendant Cheikhaoui's vehicle struck the front driver's side of Plaintiff's vehicle (see NYSCEF Doc No. 51 ¶ 5). When the accident occurred, Defendant Cheikhaoui's vehicle was coming from the oncoming direction of Water Street traffic and making a left turn onto Maiden Lane (see NYSCEF Doc No. 51 ¶ 6). According to Plaintiff, the accident happened in a very fast manner and Plaintiff had no time to do anything to avoid the accident (see NYSCEF Doc No. 51 ¶ 7).

 Plaintiff's Position

Plaintiff requests that summary judgment be granted to him on the issue of liability because there is no issue of material fact and asserts that there is no defense to the cause of action asserted in the complaint (see NYSCEF Doc No. 48). Plaintiff asserts that when there is [*3]no genuine issue to be resolved at trial, liability should be summarily decided (see NYSCEF Doc No. 49 ¶ 32). Plaintiff contends that summary judgment is appropriate in negligence cases where there is no conflict in evidence, and one party's conduct falls below the standard of care, citing O'Callaghan v Flitter (112 AD2d 1030 [2d Dept 1985]) (see id. ¶ 31).
Plaintiff alleges that Defendant failed to yield to the right of way, thereby violating Vehicle and Traffic Law § 1141, which states that a vehicle turning left must yield to the right of way of oncoming traffic (see NYSCEF Doc No. 49 ¶ 23). A violation of said statutory provision constitutes negligence per se, maintains Plaintiff (see NYSCEF Doc No. 49 ¶ 24). Also, under Vehicle and Traffic Law § 1163 (a), a person should not turn a vehicle at an intersection unless the turn can be made with reasonable safety (see NYSCEF Doc No. 49 ¶ 25). Plaintiff claims that the violation of these two Vehicle and Traffic Law provisions (§§ 1141 and 1163) accounts for the proximate cause of the collision.

Discussion

Vehicle and Traffic Law § 1141 states, "The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." A violation of provision constitutes negligence as a matter of law (see Salce v Check, 23 AD3d 451 [2d Dept 2005]). In Salce, "The defendant violated Vehicle and Traffic Law § 1141 when he entered an intersection, attempted a left turn, and, upon seeing the headlight of the injured plaintiff's motorcycle, stopped in the intersection with his truck partially blocking the oncoming traffic lane" (id. at 452). "The injured plaintiff, as the driver with the right-of-way, was entitled to anticipate that the defendant would obey traffic laws which required him to yield" (id.).
In Almonte v Tobias (36 AD3d 636, 636 [2d Dept 2007]), "The defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the plaintiff violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the vehicle driven by the defendant Rudolph Hill. The plaintiff was negligent in failing to see that which, under the circumstances, he should have seen, and in crossing in front of the defendants' vehicle when it was hazardous to do so. . . . Furthermore, since Hill had the right of way, he was entitled to anticipate that the plaintiff would obey traffic laws which required him to yield. . . ."
Additionally, a plaintiff is not required to show the absence of his or her comparative fault to establish his or her prima facie entitlement to summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312 [2018]).
Here, Defendant Cheikhaoui violated Vehicle and Traffic Law § 1141 when he drove into the driver's side front portion of Plaintiff's vehicle, smashing into Plaintiff's front driver's side (see NYSCEF Doc No. 49 ¶ 21). Plaintiff presented a prima facie case of entitlement to summary judgment on the issue of liability as a matter of law through his affidavit which states that he was the operator of a vehicle which was stopped when Defendant Cheikhaoui's vehicle drove into the driver's side front portion of Plaintiff's vehicle, smashing into Plaintiff's front driver side (see NYSCEF Doc No. 50), thus tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez, 68 NY2d at 324).
Plaintiff having made out a prima facie case that Defendant Cheikhaoui was liable as a matter of law for having been a proximate cause of the accident, the burden of proof shifted to Defendants to rebut it by providing a nonnegligent explanation, such as that the other driver traveled at an excessive rate of speed as it approached her (see Brodney v Picinic, 172 AD3d 673 [2d Dept 2019]). Defendants, however, did not submit any opposition to Plaintiff's motion for summary judgment on the issue of liability in this left-turn accident (see Ming-Fai Jon v Wager, 165 AD3d 1253 [2d Dept 2018]). Defendants neither established the existence of material issues of fact that require a trial for resolution of liability nor tendered an acceptable excuse for the failure to do so (see Zuckerman v City of New York, 49 NY2d 557).
Plaintiff's motion for summary judgment also included "that there is no defense to the cause of action asserted in the complaint" (NYSCEF Doc No 48). The Court takes this language to mean more simply that there are no viable affirmative defenses sounding in comparative negligence (see Shaw v RPA Assoc. LLC, 75 AD3d 634 [2d Dept 2010] [court may grant relief although not explicitly sought in notice of motion if it is not too dramatically unlike relief sought, proof offered supports it, and there is no prejudice to any party]). As Defendants offered nothing to show that Plaintiff was also a proximate cause of the accident, not only must Plaintiff be granted summary judgment against Defendants on the issue of liability but Defendants' counterclaim sounding in comparative negligence (second affirmative defense) must be stricken.

 Conclusion

Accordingly, Plaintiffs motion for summary judgment on the issue of liability and there being no defense to the cause of action is GRANTED in its entirety.
IT IS HEREBY ORDERED as follows:
(1) Defendants are declared liable for any injuries proximately caused by the subject motor vehicle accident.
(2) The second affirmative defense of Defendants' answer, sounding in comparative negligence, is stricken.
(3) This action shall proceed to a trial only on damages.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts of oral argument may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).