Matter of Kirch v New York State Dept. of Motor Vehs. (2024 NY Slip Op 05800)

Matter of Kirch v New York State Dept. of Motor Vehs.

2024 NY Slip Op 05800

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-04639
 (Index No. 705017/20)

[*1]In the Matter of Joseph Kirch, petitioner,
v
New York State Department of Motor Vehicles, respondent.

Johnathan Cartelli, P.C., Middle Village, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Amit R. Vora of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated October 29, 2019, affirming the determination of an administrative law judge dated March 25, 2019, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.
ADJUDGED that the determination dated October 29, 2019, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was arrested for operating a motor vehicle while intoxicated. After a hearing, an administrative law judge (hereinafter the ALJ) determined that the petitioner violated Vehicle and Traffic Law § 1194 by refusing to submit to a chemical test and imposed the mandatory revocation of the petitioner's driver license. Thereafter, in a determination dated October 29, 2019, the ALJ's determination was affirmed by the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board). The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Appeals Board. In an order dated May 15, 2020, the Supreme Court, inter alia, transferred the proceeding to this Court pursuant to CPLR 7804(g).
In this proceeding, "[i]n order to annul [the] administrative determination," this Court "must conclude that the record lacks substantial evidence to support the determination" (Matter of Khan v New York State Dept. of Motor Vehs., 215 AD3d 844, 844; see CPLR 7803[4]; Matter of Lau v NYC DOB, 209 AD3d 858, 859). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d 1013, 1014). Substantial evidence is a "minimal standard" that requires "less than a preponderance of the evidence" and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [internal quotation marks omitted]; see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1014). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided [*2]the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046; see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1014), as "[i]t is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d 880, 881 [internal quotation marks omitted]; see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1014).
Here, the determination of the ALJ that the petitioner violated Vehicle and Traffic Law § 1194 by refusing to submit to a chemical test is supported by substantial evidence (see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1014-1015; Matter of Vasquez v Egan, 174 AD3d 811, 812). The testimony of the arresting officer, the arresting officer's written report of the petitioner's refusal to submit to a chemical test, and the petitioner's testimony demonstrated that the arresting officer had reasonable grounds to believe that the petitioner operated a vehicle in violation of Vehicle and Traffic Law § 1192, that the arresting officer made a lawful arrest of the petitioner, and that the petitioner refused the officer's request to submit to the chemical test after having been given sufficient warnings of the consequences of said refusal (see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1014-1015; Matter of Nahum v New York State Dept. of Motor Vehs., 185 AD3d 827, 828).
Additionally, contrary to the petitioner's contention, the fact that a chemical test was eventually performed at a hospital does not "suffice to undo" his prior chemical test refusal (Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d 668, 669). The petitioner's argument that the ALJ limited his testimony is unpreserved for review. Finally, the petitioner's claim of bias by the ALJ is without merit.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court