Matter of Lisa v New York State Dept. of Motor Vehs. (2024 NY Slip Op 06342)

Matter of Lisa v New York State Dept. of Motor Vehs.

2024 NY Slip Op 06342

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-06961
 (Index No. 608406/22)

[*1]In the Matter of Robert A. Lisa, petitioner, 
v
New York State Department of Motor Vehicles, et al., respondents.

Trivella & Forte, LLP, White Plains, NY (Arthur J. Muller III of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Kwame N. Akosah of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated March 29, 2022, affirming a determination of an administrative law judge dated December 7, 2021, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1141 and suspended his driver license for a period of 180 days.
ADJUDGED that the determination dated March 29, 2022, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On May 3, 2021, the petitioner was operating his motor vehicle and traveling south on Oxhead Road in Centereach, a roadway with one lane in each direction separated by a double-yellow line, when he stopped in preparation for making a left-hand turn into a driveway. After initiating the turn, the petitioner observed a motorcycle approaching from the opposite direction. According to the petitioner, he applied his brakes upon observing the motorcycle, bringing his vehicle to a stop after partially crossing the double-yellow line. He then observed the operator of the motorcycle (hereinafter the decedent), who was "rapidly approaching," lose control of the motorcycle while attempting to slow down. The decedent then "jumped off the motorcycle," which "tumble[d]" toward and eventually collided with the petitioner's vehicle. The decedent sustained fatal injuries as a result of the accident.
The respondent New York State Department of Motor Vehicles (hereinafter the DMV) subsequently directed the petitioner to appear for a hearing pursuant to Vehicle and Traffic Law § 510(3). On November 30, 2021, the petitioner appeared virtually for the hearing before an administrative law judge (hereinafter ALJ). In a determination dated December 7, 2021, the ALJ found that the petitioner failed to yield the right-of-way to the decedent in violation of Vehicle and Traffic Law § 1141 and suspended the petitioner's driver license for a period of 180 days. The petitioner then appealed to the DMV's Administrative Appeals Board (hereinafter the Appeals Board). In a determination dated March 29, 2022, the Appeals Board affirmed the ALJ's determination.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Appeals Board's determination. In an order dated August 8, 2022, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
There is no merit to the petitioner's contention that the ALJ violated his right to due process by holding the hearing via WebEx teleconference, nor has he demonstrated any prejudice that resulted therefrom that so permeated the hearing so as to render it unfair (see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d 1013, 1015; see also Matter of Ortiz v New York State Dept. of Motor Vehs., 223 AD3d 438, 439-440; Matter of Almodovar v Griffin, 159 AD3d 694, 695). Similarly, the ALJ did not violate the State Administrative Procedure Act by conducting the hearing virtually (see State Administrative Procedure Act § 306[1]; Matter of Ortiz v New York State Dept. of Motor Vehs., 223 AD3d at 439-440; Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1015).
"To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Linksman v New York State Dept. of Motor Vehs., 218 AD3d 685, 686 [internal quotation marks omitted]). "Substantial evidence is 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Batra v Egan, 185 AD3d 1020, 1021, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). "Substantial evidence is a minimal standard that requires less than a preponderance of the evidence and demands only that a given inference is reasonable and plausible, not necessarily the most probable. Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently, as it is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d 1013, 1014 [alteration, citations, and internal quotation marks omitted]). "In other words, the courts may not . . . reject the choice made by an administrative agency where the evidence is conflicting and room for choice exists. Instead, deference must be given to the fact-finding and credibility determinations of the administrative agency" (Matter of Linksman v New York State Dept. of Motor Vehs., 218 AD3d at 686 [alterations, citations, and internal quotation marks omitted]). "While the level of proof is less than a preponderance of the evidence, substantial evidence does not arise from bare surmise, conjecture, speculation, or rumor" (Matter of Sandoval v Shah, 131 AD3d 1254, 1255).
Here, the ALJ concluded that the petitioner "was in a position to observe" the decedent's motorcycle "but failed to adequately do so." Since the petitioner turned partially into the opposing lane of travel at a time when he should have yielded to the decedent, the ALJ determined that the petitioner violated Vehicle and Traffic Law § 1141. Contrary to the petitioner's contention, the ALJ's determination that he violated the statute was supported by substantial evidence (see Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d 959, 960-961; Matter of Alexander v New York State Dept. of Motor Vehs., 95 AD3d 1307, 1308; cf. Matter of Jensen v New York State Dept. of Motor Vehs., 176 AD3d 707, 708-709). The statement in the supplemental police accident report that the decedent's alcohol intoxication contributed to the accident "ha[d] no bearing on the issue of whether the petitioner violated Vehicle and Traffic Law § 1141" (Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d at 961). The decedent's intoxication may relate, for example, to questions such as whether he was at fault in causing or contributing to the accident and, relatedly, whether the petitioner proximately caused the accident (see e.g. Humphrey v State of New York, 60 NY2d 742, 743), but these are distinct issues from whether the petitioner violated the Vehicle and Traffic Law (see Burghardt v Cmaylo, 40 AD3d 568, 569; Koziol v Wright, 26 AD3d 793, 794; Farino v Cassiere, 260 AD2d 534, 534). Similarly, under the circumstances presented, the ALJ's determination that the petitioner violated Vehicle and Traffic Law § 1141 is not unsupported by substantial evidence because of the petitioner's assertion that his vehicle only partially entered the decedent's lane of travel (see e.g. Salce v Check, 23 AD3d 451, 452). "[T]here is no exception for infractions" of the Vehicle and Traffic Law "that are subjectively characterized as de minimis" (People v Abraham, 111 AD3d 756, 756 [internal quotation marks omitted]). And although the fact that the police officer who arrived on scene chose not to issue a summons to the [*2]petitioner is not wholly irrelevant (see Matter of Pepe v New York State Dept. of Motor Vehs., 175 AD3d 691, 691-692), it is not dispositive (see Matter of Pask v Hults, 30 AD2d 96, 98-99).
Contrary to the petitioner's contention, under the circumstances of this case, the 180-day driver license suspension imposed "was not so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Friedman v Fiala, 161 AD3d 1073, 1074; see Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d at 961; Matter of Kenny v Commissioner of N.Y. State Dept. of Motor Vehs., 111 AD3d 726, 727).
The petitioner's remaining contention is without merit.
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court