Matter of Rodriguez v New York State Dept. of Motor Vehs. (2025 NY Slip Op 02590)

Matter of Rodriguez v New York State Dept. of Motor Vehs.

2025 NY Slip Op 02590

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04609
 (Index No. 69467/22)

[*1]In the Matter of Angel I. Rodriguez, petitioner,
v
New York State Department of Motor Vehicles, et al., respondents.

The Sanders Law Firm, P.C., New York, NY (Eric Sanders of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Mark S. Grube of counsel; Meghana Bharadwaj on the brief), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated August 30, 2022, affirming the determination of an administrative law judge dated May 25, 2022, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, and revoked his driver license.
ADJUDGED that the determination dated August 30, 2022, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was arrested for operating a motor vehicle while intoxicated. After a hearing, an administrative law judge (hereinafter the ALJ) determined that the petitioner violated Vehicle and Traffic Law § 1194 by refusing to submit to a chemical test and imposed the mandatory revocation of the petitioner's driver license. Thereafter, in a determination dated August 30, 2022, the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board) affirmed the ALJ's determination. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Appeals Board. In an order dated February 24, 2023, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
To annul an administrative determination made after a hearing, this Court must conclude that the record lacks substantial evidence to support the determination (see Matter of Kirch v New York State Dept. of Motor Vehs., 232 AD3d 791, 791; Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d 1013, 1014). "Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Kirch v New York State Dept. of Motor Vehs., 232 AD3d at 791 [internal quotation marks omitted]; see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1014). Substantial evidence is "a minimal standard that requires less than a preponderance of the evidence and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Kirch v New York State Dept. of Motor Vehs., 232 AD3d at 792 [internal quotation marks [*2]omitted]; see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1014). "'Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if this Court would have decided the matter differently'" (Matter of Kirch v New York State Dept. of Motor Vehs., 232 AD3d at 792, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046), since "'[i]t is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses'" (id. at 791, quoting Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d 880, 881).
Here, the ALJ's determination that the petitioner violated Vehicle and Traffic Law § 1194 by refusing to submit to a chemical test is supported by substantial evidence (see Matter of Kirch v New York State Dept. of Motor Vehs., 232 AD3d at 791; Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1014). The hearing evidence, including the testimony of the arresting trooper, demonstrated that the trooper had reasonable grounds to believe that the petitioner had committed several traffic violations and had been operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (see Matter of Schoonmaker v New York State Dept. of Motor Vehs., 165 AD3d 677, 678). Moreover, the hearing evidence demonstrated that the trooper lawfully arrested the petitioner and that the petitioner refused the trooper's request to submit to a chemical test after having been given sufficient warnings of the consequences of such refusal (see Vehicle and Traffic Law § 1194[2][c]; Matter of Kirch v New York State Dept. of Motor Vehs., 232 AD3d at 791; Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1014-1015).
The petitioner's remaining contentions are not properly before this Court (see Matter of Gonzalez v State Liq. Auth., 30 NY2d 108, 112; Matter of Sharf v New York State Dept. of Motor Vehicles, 74 AD3d 978).
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court