Matter of Scott v Ruppert

2026 NY Slip Op 02986

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Richard Scott, appellant,

v

Patricia S. Ruppert, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2022-01026, (Index No. 30265/20)

Mark C. Dillon, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Richard Scott, Airmont, NY, appellant pro se.

Thomas E. Humbach, County Attorney, New City, NY (Larraine S. Feiden of counsel), for respondent.

[*1]

DECISION & JUDGMENT

Proceeding pursuant to CPLR article 78 to review an amended determination of Patricia S. Ruppert, Commissioner of Health, Rockland County Department of Health, dated February 6, 2020, finding that the petitioner violated certain provisions of the Rockland County Sanitary Code, and imposing a civil penalty in the sum of $13,250.

ADJUDGED that the amended determination is confirmed, the amended petition is denied, and the proceeding is dismissed on the merits, with costs.

In this CPLR article 78 proceeding, the petitioner, the owner of certain real property located in Rockland County, challenges an amended determination of the respondent, Patricia S. Ruppert, Commissioner of Health, Rockland County Department of Health (hereinafter the Commissioner), finding that the petitioner violated certain provisions of article XIII of the Rockland County Sanitary Code and imposing a civil penalty in the sum of $13,250. By order dated February 9, 2022, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).

"Judicial review of an administrative determination made after a hearing directed by law is generally limited to whether the determination is supported by substantial evidence" (Matter of Hart v New York City Hous. Auth., 228 AD3d 938, 939; see CPLR 7803[4]; Matter of Mannino v Dept. of Motor Vehs. of State of N.Y. Traffic Violations Div., 101 AD3d 880, 880). "Substantial evidence is 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Kirch v New York State Dept. of Motor Vehicles, 232 AD3d 791, 791, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently, as [i]t is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Roenbeck v New York State Dept. of Motor Vehicles, 221 AD3d 1013, 1014 [citations and internal quotation marks omitted]; see Matter of Kirch v New York State Dept. of Motor Vehs., 232 AD3d at 792).

Here, contrary to the petitioner's contention, the Commissioner's amended determination that the petitioner violated certain provisions of article XIII of the Rockland County [*2]Sanitary Code was supported by substantial evidence (see generally Matter of Hart v New York City Hous. Auth., 228 AD3d at 939).

The parties' remaining contentions are without merit.

DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court